David Yeremian (Cal. Bar No. 226337)
david@yeremianlaw.com
DAVID YEREMIAN & ASSOCIATES, INC.
535 n. Brand Blvd., Suite 705
Glendale, California 91203
Telephone:  (818) 230-8380
Facsimile:  (818) 230-0308

Kevin J. Stoops (pro hac vice forthcoming)
kstoops@sommerspc.com
Charles R. Ash, IV (pro hac vice forthcoming)
crash@sommerspc.com
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300
Facsimile: (248) 436-8453

*Attorneys for Plaintiff and Proposed Class and
Collective Members*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAULA PEREZ**, on behalf of herself and all similarly situated employees, | Case No.: |
| | Hon. |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT FOR:** |
| **COMEX FOOD SERVICE, INC., COMEX KC, LLC, THE KICKIN' CRAB, K.C. OF BUENA PARK, INC., K.C. OF CHINO HILLS, INC., KC OF COSTA MESA, INC., K.C. OF HOLLYWOOD, INC., KC OF IRVINE, INC., K.C. OF BALDWIN HILLS, INC., KC OF RIVER-MORE, K.C. OF ROWLAND HEIGHTS, KC OF CARROLLTON, INC., JAN NGUYEN, ANDREW TRUONG, AND DOES 1-10,** | 1. Unlawful Retention of Tips Under Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; <br> 2. Unjust Enrichment <br> 3. Conversion <br> 4. Reimbursement of Necessary Expenditures Under Labor Code § 2802; <br> 5. Violation of Business & Professions Code § 17200 *et seq.*; |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff, Paula Perez ("Plaintiff"), on behalf of herself and all similarly situated employees, brings this lawsuit against Defendants Comex Food Service, Inc., Comex KC, LLC, The Kickin' Crab, K.C. of Buena Park, Inc., K.C. of Chino Hills, Inc., KC of Costa Mesa, Inc., K.C. of Hollywood, Inc., KC of Irvine, Inc., K.C. of Baldwin Hills, Inc., KC of River-More, K.C. of Rowland Heights, KC of Carrollton, Inc., and Does 1-10 (collectively "Defendants"), for unpaid wages and seek all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the California Labor Code ("Labor Code"); the California Business & Professional Code § 17200, *et seq.*, for conversion, and for unjust enrichment under California common law.  Plaintiff asserts her FLSA claims as a collective action under 29 U.S.C. § 216(b) and every other claim as a class action under Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

1.      This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

2.      This Court has jurisdiction over this FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3.      Moreover, this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). This is a class action in which the aggregate claims of the individual Class members exceed the sum value of $5,000,000 exclusive of interest and costs, there are believed to be in excess of 100 Class members, and at least some members of the proposed class have a different citizenship from Defendant.

4.      Defendants' annual sales exceed $500,000.00, and Defendants employ more than two persons, so the FLSA applies in this case on an enterprise basis.  Defendants' employees engage in interstate commerce; therefore, they are also covered by the FLSA on an individual basis.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise under the same facts that form the basis of their federal

1  claims.

2     6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because

3  Defendants employed Plaintiff in this district, conduct business in this district, and a substantial

4  portion of the events that give rise to the Plaintiff's claims occurred in this district.

5                                        **PARTIES**

6     7.     Plaintiff, Paula Perez, is an individual residing in Lynwood, California, and was

7  employed by Defendants from January 1, 2017 to August, 2018.  Ms. Perez signed a consent

8  form, which is attached hereto as ***Exhibit A***.

9     8.     Defendant The Kickin' Crab is a California corporation registered to conduct

10 business in California and its registered agent for service of process is Minh Duc Nguyen, 1051

11 Blossom Hill Rd., San Jose, CA 95123.

12    9.     Defendant Comex Food Service, Inc. is a California corporation registered to

13 conduct business in California and its registered agent for service of process is Sanghyun Cha,

14 2654 Dunstan Dr., Tustin, CA 92782.  Upon information and belief, Comex Food Services, Inc.

15 is an owner of The Kickin' Crab in Lynwood.

16    10.    Defendant Comex KC, LLC is a California limited liability company registered to

17 conduct business in California and its registered agent for service of process is Sanghyun Cha,

18 2654 Dunstan Dr., Tustin, CA 92782. Upon information and belief, Comex KC, LLC is an

19 owner of The Kickin' Crab in Lynwood.

20    11.    Defendant K.C. of Buena Park, Inc. is a California corporation registered to

21 conduct business in California and its registered agent for service of process is Trong Ma, 8300

22 La Palma Ave., Ste. A6, Buena Park, CA 90620.  Upon information and belief, K.C. of Buena

23 Park, Inc. is an owner of The Kickin' Crab in Buena Park.

24    12.    Defendant K.C. of Chino Hills, Inc. is a California corporation registered to

25 conduct business in California and its registered agent for service of process is Andrew Truong,

26 1325 City Center Dr., Suite 205 & 207, Chino Hills, CA 91709. Upon information and belief,

27 K.C. of Chino Hills, Inc. is an owner of The Kickin' Crab in Chino Hills.

28 ///

13.     Defendant KC of Costa Mesa, Inc. is a California corporation registered to conduct business in California and its registered agent for service of process is Sean Nguyen, 1534 Adams Avenue Suite D, Costa Mesa, CA 92626.  Upon information and belief, KC of Costa Mesa, Inc. is an owner of The Kickin' Crab in Costa Mesa.

14.     Defendant K.C. of Hollywood, Inc. is a California corporation registered to conduct business in California and its registered agent for service of process is Sean Nguyen, 6122 Sunset Blvd., Los Angeles, CA 90028.  Upon information and belief, K.C. of Hollywood, Inc. is an owner of The Kickin' Crab in Los Angeles.

15.     Defendant KC of Irvine, Inc. is a California corporation registered to conduct business in California and its registered agent for service of process is Sean Nguyen, 2740 Alton Parkway, Irvin, CA 92606. Upon information and belief, KC of Irvine, Inc. is an owner of The Kickin' Crab in Irvine.

16.     Defendant K.C. of Baldwin Hills, Inc. is a California corporation registered to conduct business in California and its registered agent for service of process is Khanh Thanh Nguyen, 3637 Santa Rosalia Dr., Los Angeles, CA 90008. Upon information and belief, K.C. of Baldwin Hills, Inc. is an owner of The Kickin' Crab in Baldwin Hills.

17.     Defendant KC of River-More is a California corporation registered to conduct business in California and its registered agent for service of process is Andrew Truong, 2555 Canyon Spring Parkway, Riverside, CA 92507. Upon information and belief, KC of River-More is an owner of The Kickin' Crab in Riverside.

18.     Defendant K.C. of Rowland Heights is a California corporation registered to conduct business in California and its registered agent for service of process is Sean Nguyen, 1390 Fullerton Rd., Suite 102, Rowland Heights, CA 91748. Upon information and belief, K.C. of Rowland Heights is an owner of The Kickin' Crab in Rowland Heights.

19.     Defendant KC of Carrollton, Inc. is a Texas corporation registered to conduct business in Texas and its registered agent for service of process is Tri Nguyen, 912 Yarrow St., Little Elm, TX 75068. Upon information and belief, KC of Carrollton, Inc. is an owner of The Kickin' Crab in Carrollton.

20.     Upon information and belief, The Kickin' Crab is owned and operated by Defendant Jan Nguyen.  Additionally, Defendant Jan Nguyen owns or operates most of the Kickin' Crab restaurants.  Defendant Jan Nguyen is listed as the CEO of the Costa Mesa, California Kickin' Crab (among others) with an address of 1534 Adams Avenue, Ste. D, Costa Mesa, California 92626.

21.     Upon information and belief, Defendant Andrew Truong is a co-owner and operator of The Kickin' Crab and several of its restaurants.  Defendant Troung is listed at the CEO of the Riverside, California Kickin' Crab with an address of 2555 Canyon Spring Pkwy, Riverside, California 92507.

22.     The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants designated herein as Does 1 through 10, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 10 when their identities become known.

**FACTUAL ALLEGATIONS**

23.     Defendants own and operate a large chain of casual dining restaurants throughout California and in other states, which are commonly known as The Kickin' Crab.  Defendants offer their guests Cajun seafood cuisine and employed Plaintiff, and similarly situated employees, as tipped Servers at each of their restaurant locations.

24.     Defendants' restaurant locations include: Buena Park, California; Chino Hills, California; Costa Mesa, California; Hollywood, California; Irvine, California; Los Angeles, California; Lynwood, California; Riverside, California; Rowland Heights, California; three (3) restaurants in San Jose, California; Santa Ana, California; two (2) restaurants in Westminster, California; Carrollton, Texas; and Garland, Texas.

///

25.     Many of Defendants' service staff members worked in multiple service staff positions throughout their employment (Servers, Bussers, Hosts and Take Out) depending on Defendants' needs.  Additionally, upon information and belief, many of the service staff members worked at multiple locations.

26.     All of Defendants' service staff members, including Plaintiff, recorded their work hours by either clocking in and out through Defendants' electronic timekeeping system.

27.     All of Defendants' service staff, including Plaintiff, earned a flat hourly rate plus any gratuities/tips received from patrons. They customarily and regularly received more than $30 per month in gratuities/tips.

28.     For example, Defendants employed Plaintiff as an hourly Server at $11.00 per hour (plus gratuities/tips).  *See e.g.* Perez paystub, attached as ***Exhibit B***.

29.     All of Defendants' service staff, including Plaintiff, and regardless of the service staff position in which they worked, were paid in the similar manner by Defendants. *See **Exhibit B***.

30.     With respect to the gratuities/tips received from patrons, all of Defendants' service staff members, including Plaintiff, were required to participate in Defendants' mandatory gratuity/tip-pooling policies and practices.

31.     The Defendants' Kitchen Staff also participated in the tip pool, as they were entitled to five percent (5%) of the tip pool.

32.     However, Defendants' gratuity/tip-pooling policies and practices were unlawful.

33.     Defendants deducted $1.00 from the gratuity/tip pool for every person contributing to the tip pool for each lost crab cracker or crab splitter that was missing at the end of the night.  For example, if one (1) crab cracker was missing at the end of the night, and there were fifteen (15) servers contributing to the tip pool, then Defendant would deduct $15.00 from the tip pool.

34.     Similarly, Defendants also deducted money from the tip pool to pay for other work items, such as missing condiments, markers, pens, and pencils.

///

35.     Defendant also made a dollar for dollar deduction from the tip pool if the drawer was short at the end of the night.  A drawer being short was generally the result of a customer walking out without paying or without paying in full.

36.     At the end of the night, if there was an overage in the drawer, meaning a portion of the servers' tips were mistakenly allocated to the drawer and not the tip pool, then Defendants would retain those tips and use them to pay for other business expenses.

37.     The FLSA, at Section 203(m)(2)(B), provides:

An employer may not keep tips received by its employees **for any purposes**, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. [emphasis added].

38.     As such, none of the gratuities/tips received by Plaintiff and the service staff belonged to Defendants.

39.     Additionally, Defendants required their employees to purchase necessary work items for which they received no reimbursement for, such as: t-shirts, pencils, pens, and markers.

## COMMON ENTERPRISE ALLEGATIONS

40.     Upon information and belief, *The Kickin' Crab* locations, as listed above, are franchised locations.

41.     As is typical in the case of a large restaurant chain, almost every aspect of The Kickin' Crab's business and operations is guided by, if not mandated by, the franchise agreement.  The entire concept works because everyone adheres to the same brand and operating standards.

42.     Most successful franchise systems also have franchisee associations that share ideas and best practices among franchisees; in fact, the entire point of a franchise is the ability to own a proven system.

43.     Employee handbooks and other similar materials are often shared among and between corporate stores and franchisees.

///

44.    In the present case, most of the restaurants shared common ownership and, as the caption illustrates, are held by small corporations, which are similarly named.

45.    The illegal tip-pool in question exists and is administered at each of Defendants' restaurant locations in exactly the same manner; independent businesses acting alone would not have this kind of uniformity.

46.    The Kickin' Crab restaurants at issue are a common enterprise.

## JOINT EMPLOYER ALLEGATIONS

47.    At all relevant times, Defendants were jointly Plaintiff's "employer" and Defendants directly benefited from the work performed by Plaintiff and the other hourly employees.  Defendants also jointly benefited, albeit illegally, from retaining gratuities/tips from the mandatory tip pool Plaintiff and other similarly situated employees were required to participate in.

48.    At all relevant times, Defendants controlled Plaintiff's and other similarly situated hourly employees' schedule, duties, assignments, and employment conditions.

49.    Defendants implemented the same compensation policies and practices for Plaintiff and other similarly situated hourly employees at all of their locations.

50.    Defendants were "joint employers" of Plaintiff and all similarly situated employees as defined by the FLSA, 29 U.S.C. § 203(d) and 29 C.F.R. 791.2(a).

## FLSA COLLECTIVE ALLEGATIONS

51.    Plaintiff brings this action on behalf of herself and all similarly situated employees, defined as:

*All current and former hourly Employees who worked for any of the Defendants at any time during the past three years, and contributed to or received a portion of the tip pool.*

(hereinafter referred to herein as the "Collective").  Plaintiff reserves the right to amend this definition if necessary.

52.    Plaintiff will pursue her FLSA claims on behalf of any Collective members who opt-in to this action pursuant to 29 U.S.C. § 216(b).

53.     Plaintiff and the Collective members are "similarly situated," as that term is defined in 29 U.S.C. § 216(b), because, *inter alia*, they were subjected to Defendants' mandatory pay policies and practices, as discussed in the preceding paragraphs.

54.     Excluded from the proposed Collective are Defendants' salaried exempt executive, administrative, and professional employees.

55.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the proposed Collective.

56.     Defendants were aware, or should have been aware, that federal law prohibited them from keeping their service staff's gratuities/tips for any purposes.

57.     Defendants' unlawful conduct was widespread, repeated, and consistent.

58.     A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they were or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful pay policies and practices; and/or (d) their claims are based upon the same factual and legal theories.

59.     The employment relationships between Defendants and every proposed Collective member are the same and differ only by job title and rate of pay. The key issue – Defendants' unlawful retention of gratuities/tips – does not vary substantially among the proposed Collective members.

60.     There are many similarly situated current and former service staff members whose FLSA rights were violated and they would benefit from the issuance of a court-authorized notice of this lawsuit and the opportunity to join.

61.     Plaintiff estimates the proposed Collective, including both current and former employees over the relevant period, includes hundreds of members.  The precise number should be readily available from a review of Defendants' personnel and payroll records.

///

## RULE 23 NATIONWIDE CLASS ALLEGATIONS

62.    Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of:

> *All current and former hourly Employees who worked for any of the Defendants at any time during the past three years, and contributed to or received a portion of the tip pool.*

 (hereinafter referred to as the "Nationwide Class").  Plaintiff reserves the right to amend this definition if necessary.

63.    The persons in the Nationwide Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of Defendants, Plaintiff reasonably estimates there are hundreds of individuals in the Nationwide Class during the relevant statutory period.

64.    There are questions of law and fact common to the Nationwide Class that predominate over any questions solely affecting its individual members, including but not limited to:

    a.    Whether the gratuities/tips were the property of Defendants or the Nationwide Class;

    b.    Whether Defendants were unjustly enriched by withdrawing money from the gratuity/tip pool for lost crab crackers, crab splitters, condiments, pens, pencils, markers, and other items;

    c.    Whether Defendants were unjustly enriched by withdrawing money from the gratuity/tip pool to even out drawers;

    d.    Whether Defendant unlawfully converted the tips of the Plaintiff and the Nationwide Class;

    e.    The proper measure of damages sustained by Plaintiff and the Nationwide Class; and

    f.    Whether Defendants should be enjoined from such violations in the future.

65.     Plaintiff will fairly and adequately protect the interests of the Nationwide Class and has no interests antagonistic to the class.  Plaintiff is represented by attorneys who are experienced and competent in both class and wage-and-hour litigation.

66.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The damages sustained by individual class members are small when compared to the expense and burden of individual prosecution of this litigation.  Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

67.     This case will be manageable as a Rule 23 class action.  Plaintiff and her counsel know of no unusual difficulties in this case and Defendants have computer and payroll systems that will allow the class, merits, and damages issues in this case to be resolved with relative ease.

68.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

69.     Because Defendants acted and refused to act on grounds that apply generally to the Nationwide Class and declaratory relief is appropriate in this case with respect to the Nationwide Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

### RULE 23 CALIFORNIA CLASS ACTIONS

70.     Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of:

> *All current and former hourly Employees who worked for any of the Defendants in California at any time during the past three years, and contributed to or received a portion of the tip pool.*

(hereinafter referred to as the "California Class").  Plaintiff reserves the right to amend this definition if necessary.

71.     The persons in the California Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts upon which

1    the calculation of that number are presently within the sole control of Defendants, Plaintiff

2    reasonably estimates there are hundreds of individuals in the California Class during the relevant

3    statutory period.

4              72.    There are questions of law and fact common to the California Class that

5    predominate over any questions solely affecting its individual members, including but not

6    limited to:

7              a.    Whether the gratuities/tips were the property of Defendants or the California

8                    Class;

9              b.    Whether Defendants violated Labor Code § 351 by retaining a portion of the tip

10                   pool and was thereby unjustly enriched;

11             c.    Whether Defendants violated Labor Code § 221 by retaining a portion of the tip

12                   pool and was thereby unjustly enriched;

13             d.    Whether Defendants converted the tips of Plaintiff and the California Class;

14             e.    Whether Defendant violated Labor Code § 2802 by failing to reimburse Plaintiff

15                   and the putative class for necessary business expenses such as their uniforms,

16                   pens, pencils, and markers;

17             f.    The proper measure of damages sustained by Plaintiff and the California Class;

18                   and

19             g.    Whether Defendants should be enjoined from such violations in the future.

20             73.    Plaintiff will fairly and adequately protect the interests of the California Class and

21    has no interests antagonistic to the class.  Plaintiff is represented by attorneys who are

22    experienced and competent in both class and wage-and-hour litigation.

23             74.    A class action is superior to other available methods for the fair and efficient

24    adjudication of the controversy, particularly in the context of wage and hour litigation where

25    individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against

26    a corporate defendant.  The damages sustained by individual class members are small when

27    compared to the expense and burden of individual prosecution of this litigation.  Class action

28    treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

75.     This case will be manageable as a Rule 23 class action.  Plaintiff and her counsel know of no unusual difficulties in this case and Defendants have computer and payroll systems that will allow the class, merits, and damages issues in this case to be resolved with relative ease.

76.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate.  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

77.     Because Defendants acted and refused to act on grounds that apply generally to the California Class and declaratory relief is appropriate in this case with respect to the California Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

**COUNT I**
**(29 U.S.C. § 216(b) Collective Action)**
**<u>VIOLATION OF THE FAIR LABOR STANDARDS ACT,</u>**
**<u>29 U.S.C. § 201, *et seq.*</u>**
**<u>UNLAWFUL RETENTION OF EMPLOYEES' GRATUITIES/TIPS</u>**

78.     Plaintiff hereby incorporates all of the preceding paragraphs.

79.     At all times relevant to this action, Defendants were engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

80.     At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

81.     Plaintiff was either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

82.     At all times relevant to this action, Defendants "suffered or permitted" Plaintiff and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

83.     At all times relevant to this Complaint, as stated above, Defendants were "joint employers" of Plaintiff and all similarly situated employees as defined by the FLSA, 29 U.S.C. § 203(d) and 29 C.F.R. 791.2(a).

84.    Plaintiff consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b).  As this case proceeds, it is likely that other individuals will file consent forms to join as party plaintiffs.

85.    Plaintiff and all similarly situated employees were tipped employees as defined by the FLSA. *See* 29 U.S.C. § 203(t) (defining "tipped employee" as any employee engaged in an occupation in which he customarily and regularly receives more than $30 per month in tips).

86.    The FLSA, Section 203(m)(2)(B), provides:

**An employer may not keep tips received by its employees for any purposes**, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

29 U.S.C. § 203(m) (emphasis added).

87.    Gratuities/tips are the property of the employee, even when the employer has not taken a tip credit:

**Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA**. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section 3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool.

29 C.F.R. § 531.52 (emphasis added).

88.    Employer-mandated tip pools can only share gratuities/tips with other tipped employees:

[V]alid mandatory tip pools . . . can only include those employees who customarily and regularly receive tips. However, **an employer may not retain any of the employees' tips for any other purpose**.

29 C.F.R. § 531.54 (emphasis added).

89.    The FLSA, Section 216(b), provides employees with a private right of action against their employers for violating these tip-pooling laws:

**Any employer who violates section 3(m)(2)(B) [29 USC § 203(m)(2)(B)] shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages**.

29 U.S.C. § 216(b) (emphasis added).

90.    Defendants violated the FLSA by keeping $1.00 for each lost crab cracker or crab splitter, per employee contributing to the tip pool, from the gratuities/tips received by Plaintiff and all similarly situated employees.

91.    Defendants violated the FLSA by retaining money to purchase food condiments, markers, pens, and pencils from the gratuities/tips received by Plaintiff and all similarly situated employees.

92.    Defendants violated the FLSA by retaining money to balance their drawers (cash registers) from the gratuities/tips of Plaintiff and all similarly situated.  This allegation pertains to retaining money when the drawer was short *and* when there was an overage.

93.    As a result, Defendants failed and/or refused to pay Plaintiff and all similarly situated employees the full compensation required by the FLSA, in violation of 29 U.S.C. § 203(m).

94.    29 U.S.C. § 211(c) provides in pertinent part:

(c)    Records

Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

95.    29 C.F.R.§ 516.2(a) and 29 C.F.R.§ 516.28 further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total daily and weekly hours worked by each employee, the amount of tips reported to the employer, the amount of tips received by the employees, and any additions or deductions from wages paid.

96.    To the extent Defendants failed to maintain all records required by the aforementioned statutes and regulations, Defendants also violated the aforementioned laws causing Plaintiff damage.

97.     Defendants knew – or acted with reckless disregard as to whether – the retention of their employees' tips would violate federal law and Defendants were on notice of the FLSA's requirements at all relevant times.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

98.      Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

99.     Plaintiff and all similarly situated employees are therefore entitled to the full amount of their unlawfully retained tips, plus additional amounts for liquidated damages, reasonable attorneys' fees, and costs. 29 U.S.C. § 216(b).

**COUNT II**
**(Rule 23 Nationwide Class Action)**
**<u>UNJUST ENRICHMENT</u>**

100.    Plaintiff hereby incorporates all of the preceding paragraphs.

101.    Plaintiff and the Nationwide Class worked for Defendants and were paid a flat hourly rate plus any gratuities/tips.

102.    Plaintiff and the Nationwide Class conferred a material benefit upon Defendants by providing their customers with steadfast hospitality and graciousness at every turn.

103.    Defendants received and accepted these desired work services from Plaintiff and the California Class, and enjoyed the benefits derived therefrom.

104.    As a direct result of their hard work, Plaintiff and the Nationwide Class were given gratuities/tips by Defendants' customers, which were the property of Plaintiff and the Nationwide Class.

105.    Plaintiff and the Nationwide Class did not agree or volunteer to give any portion of their gratuities/tips to Defendants.

106.    By retaining $1.00 for each missing crab cracker or crab splitter; retaining money for lost condiments, markers, pens, and pencils; and for retaining money to balance the drawers due to walkouts and other shortages, from Plaintiff's and the California Class members' hard-earned gratuities/tips, Defendants were unjustly enriched. *See e.g.*, *Carter v. PJS of Parma, Inc.*, 2016 U.S. Dist. LEXIS 54171 (N.D. Ohio April 22, 2016) (denying employer's motion to

1  dismiss and rejecting employer's argument that the banquet servers' unjust enrichment claims

2  failed on the merits because the employer did not pay the servers with a tip credit and, thus,

3  under the FLSA, employer claimed it had the right to retain the entire amount of any tip from

4  banquet customers).

5       107.   "An individual is required to make restitution when he or she has been unjustly

6  enriched at the expense of another … [a] person is enriched if he or she receives a benefit at

7  another's expense."  *Hirsch v. Bank of Am.*, 107 Cal. App. 4th 708, 721-722 (2003); *Vortt Expl.*

8  *Co. v. Cheveron U.S.A., Inc.*, 787 S.W.2d 942, 944 (1990) (holding "[r]ecovery in quantum

9  meruit will be had when non-payment for the services rendered would "result in an unjust

10 enrichment to the party benefited by they work" … "quantum meruit is founded on unjust

11 enrichment"); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 891 (finding unjust enrichment to

12 be an independent cause of action).

13      108.   A benefit will unduly be conferred on Defendants if they are permitted to retain

14 any portion of Plaintiff and the Nationwide Class members' tips.

15      109.   An inequity will result if Defendants are permitted to retain any portion of

16 Plaintiff's and the Nationwide Class members' hard-earned gratuities/tips.

17      110.   As a direct and proximate result of Defendants' actions, Plaintiff and the California

18 Class suffered monetary damages in the amount of gratuities/tips taken by Defendants, along with

19 interest on those amounts.

**COUNT III**
**(Rule 23 Nationwide Class)**
**<u>CONVERSION</u>**

23      111.   Plaintiff hereby incorporates all of the preceding paragraphs.

24      112.   Gratuities/tips left for Plaintiff and the Nationwide Class are their property.  29

25 C.F.R. § 531.52

26      113.   Similarly, as it pertains to the California Class, "[e]very gratuity is hereby to be

27 the sole property of the employee or employees to whom it was paid, given, or left for."  Labor

28 Code § 351.

114.    Plaintiff and the Nationwide Class entrusted Defendants with their gratuities/tips by placing them into the tip pool.

115.    By using the gratuities/tips to purchase business items such as: crab crackers, crab splitters, markers, pens, and pencils, Defendants unlawfully converted the tips/gratuities of Plaintiff and the Nationwide Class.

116.    The monies wrongfully converted by Defendants amount to a specific sum capable of identification by review of Defendants business records and receipts.

117.    Defendants had a duty to deliver the specific money (tips) in question to the recipients of the tip pool (Plaintiff and the Nationwide Class), and not to retain the tips.

118.    As a result of Defendants' unlawful acts, specifically the conversion of the gratuities/tips, Plaintiff and the Nationwide Class have suffered damages.

**COUNT IV**
**(Rule 23 California Class)**
<u>**VIOLATION OF CALIFORNIA LABOR CODE § 2802**</u>

119.     Plaintiff hereby incorporates all of the preceding paragraphs.

120.    Labor Code §2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

121.    By utilizing the gratuities/tips of Plaintiff and the California Class to purchase crab crackers, crab splitters, markers, pens, and pencils, Defendant failed to reimburse or indemnify Plaintiff and the California Class members for necessary business expenditures.

122.    Defendant also failed to reimburse or indemnify Plaintiff and the California Class members for business expenditures due to drawer shortages.

123.    Defendant also required Plaintiff and the California Class to purchase their own Kickin' Crab t-shirts to be worn as uniforms, but failed to reimburse or indemnify them for these expenses.

124.    As a result of the unlawful acts of Defendants, Plaintiff and the California Class have been deprived of reimbursements in amounts to be determined at trial; they are entitled to

recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

**COUNT V**
**(Rule 23 California Class)**
**<u>VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200</u>**

125.     Plaintiff hereby incorporates all of the preceding paragraphs.

126.     Plaintiff, on behalf of herself, the California Class, and the general public, brings this claim pursuant to <u>Business & Professions Code</u> § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to the California Class and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of <u>Code of Civil Procedure</u> § 1021.5.

127.     Each Plaintiff is a "person" within the meaning of <u>Business & Professions Code</u> § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

128.     <u>Business & Professions Code</u> § 17200 *et seq*. prohibits unlawful and unfair business practices. By the conduct alleged herein, Defendants' practices were deceptive and fraudulent in that Defendants' policy and practice failed to reimburse Plaintiff and the California Class for necessary business expenses, and unlawfully converted their gratuities and tips in an apparent attempt to subsidize operating expenses at the cost of Plaintiff and the California Class members, and otherwise failed to compensate them pursuant to the applicable California <u>Labor Code</u> and Industrial Welfare Commission requirements in violation of California <u>Business and Professions Code</u> §§ 17200, *et seq*., and for which this Court should issue injunctive and equitable relief, pursuant to California <u>Business & Professions Code</u> § 17203, including restitution of wages wrongfully withheld.

129.     Wage-and-hour laws express fundamental public policies. Paying employees their wages, reimbursing them for necessary business expenditures, etc., are fundamental public policies of California. <u>Labor Code</u> § 90.5(a), which articulates the public policies of this State to vigorously enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding

19

1   employers and their employees from competitors who lower costs to themselves by failing to

2   comply with minimum labor standards.

3       130.    Defendants have violated statutes and public policies. Through the conduct

4   alleged in this Complaint Defendant has acted contrary to these public policies, has violated

5   specific provisions of the <u>Labor Code</u>, and has engaged in other unlawful and unfair business

6   practices in violation of <u>Business & Professions Code</u> § 17200 *et seq.*; which conduct has

7   deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights,

8   benefits, and privileges guaranteed to all employees under the law.

9       131.    Defendants' conduct, as alleged hereinabove, constitutes unfair competition in

10  violation of the <u>Business & Professions Code</u> § 17200 *et seq.*

11      132.    Defendant, by engaging in the conduct herein alleged, by retaining tips, failing to

12  reimburse for necessary business expenses, etc., either knew or in the exercise of reasonable care

13  should have known that their conduct was unlawful; therefore their conduct violates the <u>Business</u>

14  <u>& Professions Code</u> § 17200 *et seq.*

15      133.    By the conduct alleged herein, Defendants have engaged and continue to engage

16  in a business practice which violates California law, including but not limited to, the applicable

17  Industrial Wage Order(s), the California <u>Code of Regulations</u>, the California <u>Labor Code</u>

18  including Sections 350, 351, 353, and 2802, for which this Court should issue declaratory and

19  other equitable relief pursuant to California <u>Business & Professions Code</u> § 17203 as may be

20  necessary to prevent and remedy the conduct held to constitute unfair competition, including

21  restitution of wages wrongfully withheld.

22      134.    As a direct and proximate result of the above-mentioned acts of Defendants,

23  Employees have been damaged, in a sum to be proven at trial.

24      135.    Unless restrained by this Court Defendants will continue to engage in such

25  unlawful conduct as alleged above. Pursuant to the <u>Business & Professions Code</u>, this Court

26  should make such orders or judgments, including the appointment of a receiver, as may be

27  necessary to prevent the use by Defendants or their agents or employees of any unlawful or

28  deceptive practice prohibited by the <u>Business & Professions Code</u>, including but not limited to

1   the disgorgement of such profits as may be necessary to restore Plaintiff and the California Class

2   the money Defendants have unlawfully failed to pay.

3   **REQUEST FOR RELIEF**

4        WHEREFORE, Plaintiff requests the following relief:

5        a.      An Order certifying this case as a collective action in accordance with 29 U.S.C. §

6   216(b) with respect to the FLSA claims set forth herein (Count I);

7        b.      An Order certifying this action as a class action on behalf of the Nationwide Class

8   pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's unjust enrichment and conversion

9   claims (Count II & III);

10       c.      An Order certifying this action as a class action on behalf of the California Class

11   pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's California Labor Code § 2802 and

12   Business & Professions Code § 17200 *et seq*. claims (Count IV & V)

13       d.      An Order compelling Defendants to disclose in computer format, or in print if no

14   computer readable format is available, the names, addresses, and e-mail addresses of all

15   members of the proposed Class and Collective, and authorizing Plaintiff to send notice of this

16   action to all similarly situated individuals, including the publishing of notice in a manner that is

17   reasonably calculated to apprise them of their legal right to join and participate in this lawsuit;

18       e.      An Order designating Plaintiff as the representative of the proposed FLSA

19   Collective, the Nationwide Class, and the California Class; and undersigned counsel as Class

20   counsel for the same;

21       f.      An Order declaring Defendants violated the FLSA and the Department of Labor's

22   attendant regulations as cited herein;

23       g.      An Order declaring Defendants' violations of the FLSA were willful;

24       h.      An Order declaring Defendants were unjustly enriched by keeping gratuities/tips

25   earned by Plaintiff and the putative class/collective members;

26       i.      An Order declaring Defendants unlawfully converted the gratuities/tips of Plaintiff

27   and the putative class/collective members;

28   ///

j.      An Order declaring Defendants violated California Labor Code § 2802 by failing to reimburse or indemnify Plaintiff and the putative members of the class/collective for all necessary business expenses;

k.      An Order Defendants violated the California Business and Professions Code §§ 17200, et seq. by engaging in the unlawful activity outlined herein;

l.      An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff, the proposed FLSA Collective, and the California Class the full amount of damages available by law;

m.      An Order granting injunctive relief for the unlawful conduct of Defendants as outlined herein;

n.      An Order awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

o.      An Order awarding pre- and post-judgment interest to Plaintiff on these damages; and

p.      An Order awarding such other and further relief as this Court deems appropriate.

## **JURY DEMAND**

Plaintiff, Paula Perez, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated:  April 4, 2019                         DAVID YEREMIAN & ASSOCIATES, INC.


                                              s/ David Yeremian
                                              David Yeremian (SBN 226337)
                                              david@yeremianlaw.com
                                              535 N. Brand Blvd., Suite 705
                                              Glendale, California 91203
                                              Telephone: (818) 230-8380

Kevin J. Stoops (*pro hac vice forthcoming*)
kstoops@sommerspc.com
Charles R. Ash, IV (*pro hac vice* forthcoming)
crash@sommerspc.com
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300

*Attorneys for Plaintiff and Proposed Class and Collective Members*